Filing # 32133801 E-Filed 09/16/2015 03:49:43 PM

IN THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

Latosha Marshall,

    PLAINTIFF,                 CASE NO.:

v.

Enhanced Recovery Company, LLC.

    DEFENDANT.

_____/

**STATEMENT OF CLAIM**
**JURY DEMAND**

    NOW INTO COURT, through undersigned counsel, comes Latosha Marshall, the Plaintiff herein, and hereby filed this Statement of Claim against Enhanced Recovery Company, LLC. and hereby states as follows:

**PART I: INTRODUCTION**

    1.    This is an action for damages which do not exceed $2,500.00 in any single count; it is brought by individual consumer for violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

**JURISDICTION**

    2.    Jurisdiction of this Court arises under Florida Statute §48.193 and pursuant to 15 U.S.C. § 1692 et seq. ("FDCPA").

    3.    This action arises out of Defendant's violations of the FDCPA, and out of the invasions of Plaintiff's personal and financial privacy by this Defendant and its agents in its illegal effort to collect a consumer debt from Plaintiff.

4.  Venue is proper in this County because the acts and transactions occurred in Florida where the Plaintiff resides and Defendant transacts business here.

## PARTIES

5.  Plaintiff, Latosha Marshall, is a natural person who resides in the State of Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6.  Defendant Enhanced Recovery Company, LLC. operates from an address of P.O. Box 23870 Jacksonville, FL 32241-3870. Defendant has a registered agent in the State of Florida designated to receive service of process named CT Corporation System, whose address is 1200 S Pine Island Rd, Plantation, FL 33324, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). Defendant is also registered with the state of Florida as a "debt collector."

7.  Defendant, Enhanced Recovery Company, LLC., regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

8.  Defendant, Enhanced Recovery Company, LLC., regularly collects or attempts to collect debts for other parties.

9.  Defendant, Enhanced Recovery Company, LLC., is a "debt collector" as defined in the FDCPA.

10. Defendant, Enhanced Recovery Company, LLC., was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

11. Defendant, Enhanced Recovery Company, LLC., is a corporation licensed to do business in the State of Florida as a registered debt collector.

12. Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

Upon information and belief, Defendant is attempting to collect on a consumer debt from Plaintiff, who used the credit at issue for personal purchases such as food, clothing, gasoline, travel, etc.

13. Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendant for collection from this Plaintiff.

14. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

15. With respect to the "Congressional findings and declaration of purpose" portion of the FDCPA, The United States Congress has declared at 15 U.S.C. § 1692:

> *(a) Abusive practices*
> *There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.*
>
> *(b) Inadequacy of laws*
> *Existing laws and procedures for redressing these injuries are inadequate to protect consumers.*

16. On or about January 29, 2015, Defendant sent Plaintiff a written request for payment of an alleged consumer debt, account number ending in ▮▮▮▮

17. A true copy of Defendant's letter is attached hereto as Exhibit "A"

18. On or about August 23, 2015, Plaintiff notified Defendant in writing, via United States Postal Service, First Class Mail, that Plaintiff disputed the alleged debt and requesting verification on same.

19. A true copy of Plaintiff's letter is attached hereto as Exhibit "B"

20. On September 8, 2015, Defendant communicated in writing by sending insufficient verification on the same alleged debt, account ending in 0347.

21. A true copy of Defendant's letter is attached hereto as Exhibit "C"

22. Pursuant to § 809(b) of the FDCPA, 15 USC § 1692g(b), if the consumer notifies the debt collector in writing within thirty (30) days after receipt of an initial communication from a debt collector that the debt is disputed, the debt collector must cease collection of the debt until the debt collector obtains verification and provides a copy of such verification to the consumer.

## COUNT I

## FAILURE TO PROVIDE VERIFICATION IN VIOLATION OF 15 U.S.C. § 1692a

23. Plaintiff incorporates Paragraphs 1 through 22.

24. Pursuant to § 803 of the FDCPA, 15 USC § 1692a, "communication" is defined as the conveying of information regarding a debt directly or indirectly, and the definition of a "debt collector" includes anyone who regularly attempts to collect debts, directly or indirectly.

25. On January 29, 2015 Defendant communicated with Plaintiff in the capacity as a debt collector when it mailed him a Dunning Notice, regarding account ending in 0347. (See Exhibit "A")

26. Pursuant to § 809(b) of the FDCPA, 15 USC § 1692g(b), if the consumer notifies the debt collector in writing within thirty (30) days after receipt of an initial communication from a debt collector that the debt is disputed, the debt collector must cease collection of the debt until the debt collector obtains verification and provides a copy of such verification to the consumer.

27. Plaintiff did in fact dispute the validity of the debt, but Defendant continued to attempt collection without ever obtaining and providing sufficient verification of the debt. On August 23, 2015, Plaintiff asked for verification. On September 8, 2015, Defendant responded with documentation which did not prove the amount at issue.

28. In the documents provided, Defendant should have provided a statement showing an opening balance of zero (0) dollars. However, the documents Defendant provided had a beginning date of September 26, 2013 with a balance of $330.36.

29. Similarly, no statement was provided indicating a charge off of the account, ending in 0347.

30. Section 807 of the FDCPA, 15 USC § 1692e, prohibits the use of false, deceptive, or misleading representations in connection with the collection of a debt, including, but not limited to misrepresenting the character, amount or legal status of a debt; representing that nonpayment will result in the attachment of property when such action is unlawful; and threatening to take any action that cannot legally be taken.

31. Defendant misrepresented the character, amount and/or legal status of a purported debt, in an effort to collect an invalid and unverified debt, because they failed to detail the full history of the debt as to how they resulted in the amount allegedly due of $330.36.

32. Section 813 of the FDCPA, 15 USC § 1692k, provides for an award in the amount of the sum of actual damages, up to $1,000.00 for each violation of the Act, and costs together with a reasonable attorney's fee.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of the instant suit; and

    c. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated: September 16, 2015

Respectfully submitted,

Michael Tierney, P.A.
Michael Tierney, Esquire
Florida Bar No.: 645475
918 Beard Avenue
Winter Park, Florida 32789-1806
Tel: (407) 740-0074
Attorney for Plaintiff